**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THERESE ANN SIMONETTA,

*Plaintiff*,

CASE NO. 13-CV-10607

*v*.

DISTRICT JUDGE DENISE P. HOOD
MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIONER OF
SOCIAL SECURITY,

*Defendant*.
______________________________/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES UNDER 42 U.S.C. § 406(b)**
(Doc. 24)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 24) be **GRANTED IN PART**.

## II. REPORT

### A. Introduction

Pursuant to an order of reference from United States District Judge Denise Page Hood, before the Court is a motion for attorney fees under 42 U.S.C. § 406(b) submitted by Plaintiff's attorney Randall E. Phillips. (Doc. 24). Counsel has represented Plaintiff Therese Ann Simonetta throughout the pendency of this case. Counsel filed the action in February 2013, seeking judicial review of a decision by the Defendant Commissioner of Social Security denying Plaintiff's claim for benefits. (Doc. 1). The case was referred to former Magistrate Judge Charles E. Binder for a Report and Recommendation, which was issued on January 24,

2014, and which recommended that Plaintiff's motion for summary judgment be granted and the case remanded to the Commissioner. (Docs. 2, 20). District Judge Denise Hood adopted that recommendation on February 28, 2014. (Doc. 21). On April 29, 2014, the parties entered into a joint stipulation and judgment granting Plaintiff's counsel an award of $6,500 in fees, plus costs in the amount of $350, in return for the settlement of all claims pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 23).

On April 2, 2015, Plaintiff's counsel filed the instant motion for attorney's fees under 42 U.S.C. § 406(b). (Doc. 24). That motion was referred to Magistrate Judge Binder on March 11, 2015 (Doc. 25), and was re-referred to the undersigned magistrate on November 10, 2015 (Doc. 26). The Commissioner did not file a response, and the time for doing so has now passed. The matter is therefore ready for Report and Recommendation.

**B. 42 U.S.C. § 406(b) Standards**

Under 42 U.S.C. § 406(b), where a court renders a judgment favorable to a Social Security claimant who was represented by counsel, the court may allocate to that counsel a "reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

As in most cases, Plaintiff signed a contract with her attorney providing for a contingency fee, to be paid from the benefits collected by Plaintiff if she prevailed. (Doc. 24 at Ex. 1). In such cases, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Following Magistrate Judge Binder's remand for benefits, the

Commissioner noted that $10,188.50 was withheld to pay Plaintiff's attorney, and that Plaintiff had been paid $39,577.00 in past-due benefits, thus totaling $49,765.50 in retroactive benefits. (Doc. 24 at 2, fn. 4). Where, as here, an attorney claims a fee under both the EAJA and 42 U.S.C. § 406(b), the attorney "must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." *Id*. at 789. Stated differently, an attorney who bargains for a twenty-five percent contingency fee with his client may not collect five percent as EAJA fees, and later collect twenty-five percent as § 406(b) fees, because doing so would constitute a double recovery, and would exceed the permissible fee rate. Should a refund be necessary to prevent double payment, that obligation falls solely upon the claimant's attorney; the Court may, however, prevent this problem from arising in the first place by simply awarding "the difference between 25% of [the client's] past-due benefits and the amount of the EAJA fee." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010). Plaintiff's counsel now seeks fees in the amount of $5,941.38, which is twenty-five percent of Plaintiff's past-due benefits between May 2009 and January 2014, less the $6,500 already paid under the EAJA. (Doc. 24 at 2, fn. 4).

Fee agreements should be "given the weight ordinarily accorded a rebuttable presumption;" deductions from fee agreements are generally the result of "1) those occasioned by improper conduct or ineffectiveness of counsel; [or] 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The twenty-five percent cap is used "as a starting point for the court's analysis, . . . [but] it is not to be viewed as per se reasonable." *Id*. at 746.

In implementing the standard set forth in *Rodriquez*, courts may consider the following factors: the skillfulness of the counsel's representation; whether counsel acted in a timely fashion; whether counsel will receive a windfall because the amount recovered was inordinately large or was obtained with minimal effort; whether the compensation requested by counsel would result in an impermissibly high hourly rate; and whether the Commissioner has opposed the motion. *See McKinney v. Colvin*, No. 2:14-CV-168, 2015 WL 9269288, at *2 (E.D. Tenn. Dec. 3, 2015) (applying *Rodriquez*) report and recommendation adopted, No. 2:14-CV-168, 2015 WL 9306465 (E.D. Tenn. Dec. 21, 2015).

**C. Analysis**

The Commissioner has not filed a response to the instant motion for attorney's fees, nor has Plaintiff filed any variety of response or objection to that motion.[1] There is no suggestion that Plaintiff's counsel acted improperly or ineffectively. Several judges in this district have concluded that courts need not further inquire into these issues where no party has alleged that the claimant's attorney engaged in improper or ineffective behavior. See *Wummel v. Comm'r of Soc. Sec.*, No. 12-14860, 2016 WL 245287, at *2 (E.D. Mich. Jan. 21, 2016) ("As neither party has alleged that Petitioner engaged in improper conduct or expended only minimal effort in this matter, the Court's inquiry turns to [other issues]."); *Amerson v. Comm'r of Soc. Sec.*, No. 12-14395, 2015 WL 5216716, at *2 (E.D. Mich. Aug. 31, 2015) (Addressing these issues by merely noting that "[i]n this case, there is no suggestion that Ms. Guerra behaved improperly or was ineffective."); *Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 WL

[1] The Commissioner "retains an interest in the fair distribution of monies withheld for attorney's fees," thus the Commissioner's failure to object to the instant motion for fees weighs in favor of the motion. *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246, 248 (6th Cir.1983) (quotation omitted).

4705113, at *4 (E.D. Mich. Sept. 21, 2014) (same). Regardless, the Court finds that Plaintiff's counsel expended significant effort and showed substantial skill in the preparation of the motion for summary judgment, which is particularly detailed and extensive. (Doc. 13). Counsel's hard work resulted in an entirely favorable result for the Plaintiff, resulting in remand to the Commissioner for an award of benefits. (Doc. 20). Plaintiff's counsel thus did not act in an ineffective or improper manner.

The Court reaches a different finding on the issue of delay. The Sixth Circuit has held that "[a] court should not look kindly at an attorney's pattern of consistently pushing [the] time limitation to the last day possible before filing a request or response" because a claimant's "lawyer is almost always financially served by delay in a final decision on the claim." *Rodriquez*, 865 F.2d at 747. The Supreme Court has similarly provided that where an "attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. 789, 808. While extensions of time to file motions and briefs in Social Security cases are commonplace, where attorneys move for substantial extensions of deadlines and thereby "delay in the final outcome of review proceedings," a reduction in fees is warranted. *Coffman v. Comm'r of Soc. Sec.*, No. CV-13-1242-PK, 2015 WL 5008847, at *2 (D. Or. Aug. 20, 2015).

Plaintiff's counsel filed two motions to extend the deadline for filing a motion for summary judgment. The first was entered on May 20, 2013, wherein Plaintiff's counsel asserted that he would be unable to file his dispositive motion in a timely fashion because of "pre-existing travel plans, speaking engagements and conferences." (Doc. 11). He filed a

second motion to extend this deadline on June 19, 2013, asserting that "[d]ue to an illness and hospitalization of counsel's daughter, Plaintiff's counsel will be unable to prepare the motion within the allotted time set by the Court." (Doc. 12). These delays resulted in Plaintiff's motion for summary judgment being filed forty-five days after the deadline originally established by the Court. (Doc. 13). The Commissioner also moved for three extensions, and filed her motion for summary judgment on December 4, 2013, some four months after the date set by the Court. (Docs. 14, 15, 16, 17). Plaintiff's attorney then moved for an extension of time to file the reply as the result of having "several briefs due around the same time" and "the upcoming holidays and other commitments." (Doc. 18). As a result, Plaintiff's reply was delayed twenty-five days beyond the already-extended deadline. (Doc. 19). In total, approximately seventy days of delay in the adjudicative phase of this matter are attributable to Plaintiff's counsel.

Plaintiff's attorney argues that Plaintiff has received a tremendous benefit from this work, and that but for counsel's services, Plaintiff would not have received these benefits. (Doc. 24 Ex. 7 at 4-11). Counsel also argues that he "filed the district court complaint in a timely manner and obtained an extremely successful result in federal court." (Id. at 11). These arguments miss the mark. Plaintiff's attorney would not be entitled to any fees if he was unsuccessful in this matter, thus arguing that he obtained a successful result merely establishes that he is entitled to some fees, not the maximum possible percentage of fees. Furthermore, while Plaintiff has received five years of past-due benefits and will continue to receive benefits for life, this fact also does not establish that Plaintiff's counsel performed in an efficient or timely manner.

Where an attorney creates a delay in the adjudication of a Social Security claim, some courts have considered the monthly rate of past-due benefits paid to the claimant, and reduced the fees due to the claimant's attorney proportionally per month of delay. *See, e.g., Coffman*, No. CV-13-1242-PK, 2015 WL 5008847, at *2. Here, Plaintiff recovered $49,765.50 in retroactive benefits, which were accrued between May 2009 and January 2014. (Doc. 24 at 2, fn. 4). Plaintiff was thus owed benefits which were improperly withheld for approximately fifty-six months, resulting in a monthly rate of around $888.67. Because Plaintiff's counsel was responsible for seventy days of delay in the adjudication of this matter, the Court finds that counsel's fees should be reduced in the amount of $518.39, *i.e.* twenty-five percent of the benefits accrued by Plaintiff during that seventy-day period. Because Plaintiff's counsel seeks $5,941.38 in this action, the Court recommends that his fee be limited to $5,422.99. This result comports with that reached in *Daley v. Colvin*, No. 3:13-CV-0861-PK, 2015 WL 3544650, at *6 (D. Or. June 4, 2015), wherein the court found that an attorney sought five total extensions, resulting in approximately three months of delay, and thus reduced the attorney's fees by determining the benefits paid to the client over that period, and subtracting twenty-five percent of that amount from the attorney's fees.

The Court next examines whether the rate of compensation is reasonable. In *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), the Sixth Circuit held that "a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be

reasonable."[2] Only when "the calculated hourly rate is above this floor . . . may [the court] consider arguments designed to rebut the presumed reasonableness of the attorney's fee." *Id*.

Plaintiff's counsel asserts that he (or more accurately, he and the co-counsel who drafted some of the briefs he submitted) expended 40.85 hours of attorney time in the litigation of this matter. (Doc. 24 Ex. 3 at 2). Counsel seeks as compensation a total amount of $12,441.38. (Id. at 2). That amount, less the $518.39 subtracted above for delayed filing, results in a value of $11,922.99. Plaintiff's counsel thus seeks fees which work out to a rate of approximately $291.87 per hour. Courts in this district have regularly approved rates consistent with and even higher than this amount. *See, e.g.*, *Wummel v. Comm'r of Soc. Sec.*, No. 12-14860, 2016 WL 245287, at *2 (E.D. Mich. Jan. 21, 2016) (approving of a $960.68 hourly rate); *Amerson*, No. 12-14395, 2015 WL 5216716, at *2 ($273.00 per hour); *Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498, at *5–6 (E.D. Mich. Aug. 15, 2011) ($625 per hour).

Plaintiff's counsel attests that he has nearly forty years of experience as an attorney, has substantial experience litigating benefits cases, and generally charges between $200 and $250 per hour for his services. (Doc. 24 Ex. 7 at 8). Counsel also attaches declarations from the two attorneys who assisted him in writing the briefs in this matter, who also have many decades of experience in the law. (Doc. 24, Exs. 6, 8). As noted above, the briefs in this matter were

[2] Some courts have used the average rate of Social Security benefits practitioners in a local area as the baseline by which to gauge the reasonability of an attorney's requested fees, while others have applied the specific attorney's asserted non-contingent hourly rate. *See Allan v. Comm'r of Soc. Sec.*, No. 10-11651, 2014 WL 1818110, at *2 (E.D. Mich. May 7, 2014) (applying the specific practitioner's rate); *Drenning*, No. 12-13470, 2014 WL 4705113, at *4 (considering the average rate of public benefits lawyers). The Court need not resolve which baseline should be used, because, as discussed below, I find that the rate proposed by Plaintiff's counsel falls well within the range of acceptable rates.

particularly detailed and extensive. Given Plaintiff's counsel's experience, well-argued briefs, and successful outcome in this matter, the Court finds that the rate of compensation set forth in fee agreement to be reasonable, and would not result in a windfall except insofar as addressed above.

### D. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the foregoing motion for attorney fees under 42 U.S.C. § 406(b) **(Doc. 24)** be **GRANTED IN PART** and that attorney fees be awarded in the amount of $5,422.99.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 3, 2016

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: February 3, 2016

By s/Kristen Krawczyk
Case Manager to Magistrate Judge Morris